In the Matter of the Judicial Settlement of the Account of MORTON ROSENBERG and DOROTHY ROSENBERG HYAMS, as Executors and Trustees under the Last Will and Testament of CHARLES ROSENBERG, Deceased. In the Matter of the Petition of MORTON ROSENBERG and DOROTHY HYAMS, as Executors, etc., Respondents, for the Removal of FRED MAYER, as Special Guardian of STANLEY J. MAYER and RICHARD MAYER, Infants, Appellant; BERTRAM G. EADIE, as Special Guardian, etc., Respondent.*— Order of the Surrogate's Court of Richmond county consolidating two prior motions and appointing a referee reversed upon the law and the facts, with ten dollars costs and disbursements to appellant payable out of the estate; motion to substitute Fred Mayer as special guardian in place of Bertram G. Eadie granted, with ten dollars costs and disbursements to appellant payable out of the estate, and motion to remove Fred Mayer as special guardian denied, with ten dollars costs and disbursements payable out of the estate. The proceeding is remitted to the Surrogate's Court for the sole purpose of determining and making an allowance for the reasonable value of the services rendered by Bertram G. Eadie as special guardian. The infants being over the age of fourteen, and having petitioned for the appointment of their father, and no good reason appearing why the father should not be appointed, the failure to appoint him was an erroneous exercise of discretion. Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.

In the Matter of the Estate of JOHN TIERNEY, Deceased. JULIA O'CONNOR, Appellant; BRIDGET DONOHUE, as Administratrix, etc., of JOHN TIERNEY, Deceased, Respondent.— Decree of the Surrogate's Court of Richmond county unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Scudder and Tompkins, JJ.

BENJAMIN KATZ and MAX SEGAL, Copartners in Business under the Firm Name and Style of KATZ & SEGAL, Respondents, v. MASSACHUSETTS BONDING AND INSURANCE COMPANY and ABRAHAM SCHNEIDERMAN, Also Known as ABE SCHNEIDERMAN, Appellants.— Order of the Appellate Term reversing judgment of the Municipal Court and directing judgment for plaintiffs affirmed, with costs. No opinion. Kapper, Hagarty, Scudder and Tompkins, JJ., concur; Lazansky, P. J., dissents, with the following memorandum: The acceptance by plaintiffs of the release provided for in the order of the Municipal Court, dated March 5, 1928, was an acquiescence in the provisions of the order extending the jail limits. Although the order was void, such acceptance was equivalent to an expression of willingness by plaintiffs that Schneiderman might go anywhere in the city of New York. In an action against the bonding company they may not assert otherwise.